## HUGHES *v.* JACKSON.

DELIVERY BOND.—*Appeal.*—*Affidavit.*—The defendant in a judgment rendered upon a delivery bond before a justice of the peace can not appeal from such judgment without first filing an affidavit, in accordance with the statute (2 G. & H. 604, sec. 90), that he has merits in such appeal; and the fact that the execution by which the property named in the bond was levied upon was improperly or illegally issued, is no ground for dispensing with such affidavit.

From the Parke Circuit Court.

*S. F. Maxwell* and *S. D. Puett*, for appellant.

WORDEN, J.—Jackson brought an action against Hughes, before Noah Deer, a justice of the peace of Parke county, on the following instrument, viz.:

"We, Charles Stalts and Morris Hughes, are bound to Joseph Jackson in the sum of forty-six dollars and five cents, on the following conditions: Whereas, by virtue of an execution on a judgment rendered by John O. Rogers by transcript to Noah Deer, a justice of the peace of Montezuma, Reserve township, Parke county, on the 4th day of August, 1873, in favor of said Joseph Jackson, against said Charles Stalts, R. Bentley, deputy constable of said township, has this day levied on one bay horse and one brown horse, and double set of harness, of the appraised value of two hundred dollars, to satisfy said execution. Now, if the said Charles Stalts and Morris Hughes shall deliver said property to said constable at ten o'clock forenoon of the 16th day of August, 1873, at Noah Deer's store in Montezuma, to be sold on said execution, or will then and there pay to said constable said appraised value of said property, then this bond shall be void.

"Witness our hands and seals this 7th day of August, 1873.

"MORRIS HUGHES,
"C. STALTS."

Judgment was rendered for the plaintiff before the justice, and the defendant appealed to the circuit court. In the latter court, the defendant moved to dismiss the action for the following reasons, viz.:

"1. The complaint herein does not state facts sufficient to constitute a cause of action.

"2. The said instrument called a delivery bond, and filed as a cause of action, is a nullity and void.

"3. Said instrument shows upon its face that the said Noah Deer, the justice of the peace who issued the pretended execution mentioned, has no jurisdiction or authority by law to issue the same; that said execution and the pretended levy thereunder are void."

He also filed an affidavit in support of the motion, which need not be here noticed, as the motion was based upon alleged defects appearing on the face of the record. Pending this motion and, as the bill of exceptions informs us, before it was heard, the plaintiff interposed a motion to dismiss the appeal, "because the defendant neglected and failed to file his affidavit with the justice who tried this cause below, and from whose judgment and docket this appeal is taken, showing that he had merits in his said appeal."

The plaintiff's motion to dismiss the appeal was sustained, and the defendant excepted. Whether this ruling was correct, is the only question involved. Whether the ruling was correct, must depend upon another question, viz., whether the case comes within the statute which provides that "no appeal shall be allowed the defendant from a judgment before a justice on a delivery bond, unless he show by affidavit that he has merits in such appeal." 2 G. & H. 604, sec. 90.

The execution, by virtue of which the property was levied upon, and in virtue of which the delivery bond was taken, may have issued without authority. We are not aware of any statute that authorizes a justice of the peace to issue an execution upon a transcript filed with him from the docket of another justice. The execution may have been void for want of authority in the justice to issue it; but still, as it was issued, and property levied upon, and the delivery bond executed to secure the defendant therein in the possession of the property until the day appointed for the sale thereof, we are of opinion that it was a delivery bond within the intent and

meaning of the statute above quoted. A delivery bond may be void for matters appearing on the face thereof or *dehors.* If matter exist rendering the bond void, but not appearing on its face, it is clear that it would be a delivery bond within the meaning of the statute, and we can not say that it is the less so where the matter appears on the face of the bond. As no affidavit was filed as required by the statute, the court committed no error in dismissing the appeal.

The judgment below is affirmed, with costs.